IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Latorey Greene,<br><br>Plaintiff,<br><br>vs.<br><br>Ken Young, Patrick Wright, Casey Dale Cornwell, Jack Howle, Darrell Gourley, Harry O'Connor, Susan Mayes, Charles Brooks, and Kelly Jackson,<br><br>Defendants. | C/A No.: 3:19-2175-HMH-SVH<br><br><br>ORDER AND NOTICE |

Latorey Greene ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against attorneys Ken Young, Patrick Wright, Casey Dale Cornwell, Jack Howle, Darrell Gourley, and Charles Brooks ("Attorney Defendants"), and former Sumter County Solicitors Harry O'Connor, Kelly Jackson, and Susan Mayes ("Solicitor Defendants") (collectively "Defendants"), alleging violations of his civil and constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual Background

Plaintiff is a state prisoner serving a life sentence for murder. [ECF No.

1 at 3]. He alleges the attorneys involved in his state criminal action and appeals manipulated the docket, tried him three times for the same murder, and provided ineffective assistance of counsel. *Id.* at 2–4. He seeks immediate release from prison. *Id.* at 5.

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's

2

allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

To the extent Plaintiff attempts to allege constitutional violations by state actors, those claims fall under 42 U.S.C. § 1983. To state a plausible claim

3

for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

1. Attorney Defendants Not State Actors

Plaintiff alleges Attorney Defendants failed to render effective legal representation in his criminal, appellate, and PCR proceedings. An attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–9, 12–14 (1981) (finding public defender does not act under color of state law); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 nn. 2–3 (4th Cir. 1980) (finding court-appointed attorney does not act under color of state law); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (finding private attorney does not act under color of state law). As the performance of traditional legal functions does not constitute state action under § 1983, Plaintiff's claims against Attorney Defendants are subject to summary dismissal.

2. Prosecutorial Immunity

Plaintiff sues Solicitor Defendants for actions associated with his prosecution. Prosecutors have absolute immunity for activities in or connected

4

with judicial proceedings, including criminal trials, bond hearings, bail hearings, grand jury proceedings, and pre-trial hearings. *See Buckley v. Fitzimmons*, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity"); *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) ("A prosecutor enjoys absolute immunity for prosecutorial functions intimately associated with the judicial phase of the criminal process.") (internal quotation omitted). Accordingly, Plaintiff's claims that Solicitor Defendants manipulated the dockets are barred under § 1983 by prosecutorial immunity and are subject to summary dismissal.

3. Immediate Release Not Available

Plaintiff seeks immediate release from prison. However, release from prison is not an available remedy for a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973) (noting attacking the length of duration of confinement is within the core of habeas corpus). Thus, the court is unable to grant Plaintiff

the relief he seeks.

4. No Successive Habeas

To the extent the complaint could be construed as a petition for a writ of habeas corpus, Plaintiff has already pursued a habeas action in this court on similar grounds and the court considered Plaintiff's petition on the merits and granted Respondent's motion for summary judgment. *See Greene v. Warden*, C/A No.: 3:09-258-HMH-JRM.[1] Plaintiff may not bring a second or successive petition under 28 U.S.C. § 2254 without first receiving permission to do so from the Fourth Circuit Court of Appeals. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997); 28 U.S.C. § 2244(b)(3)(A) (requiring prospective petitioner to motion the circuit court of appeals for permission to file a second or successive habeas petition in the district court). Because Plaintiff has not shown that he obtained the required authorization from the Fourth Circuit, this court does not have jurisdiction to consider a successive habeas petition.

For these reasons, Plaintiff's complaint is subject to summary dismissal.

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by September 6, 2019, along with any appropriate service

---

[1] It is appropriate for this court to take judicial notice of Plaintiff's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (citation omitted).

documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

August 16, 2019  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge