IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Latorey Greene, #292916, | ) |
| | ) C.A. No. 3:19-2175-HMH-SVH |
| Plaintiff, | ) |
| | ) |
| vs. | ) **OPINION & ORDER** |
| | ) |
| Ken Young, Patrick Wright, Casey | ) |
| Dale Cornwell, Jack Howle, | ) |
| Darrell Gourley, Harry O'Connor, | ) |
| Susan Mayes, Charles Brooks, and | ) |
| Kelly Jackson, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on Latorey Greene's ("Greene") pro se "motion why complaint shouldn't be dismissed," which the court construes as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Mot. Alter or Amend, ECF No. 23.) In addition, Greene filed a motion to appoint counsel, for discovery, and for an extension of time. (Mot. Ext., ECF No. 24.) For the reasons set forth below, the court denies Greene's motions.

On August 5, 2019, Greene filed the instant action against attorneys Ken Young, Patrick Wright, Casey Dale Cornwell, Jack Howle, Darrell Gourley, and Charles Brooks ("Attorney Defendants"), and former Sumter County Solicitors Harry O'Connor, Kelly Jackson, and Susan Mayes ("Solicitor Defendants") (collectively "Defendants"), alleging violations of his civil and other Constitutional rights pursuant to 42 U.S.C. § 1983. (Compl., generally, ECF No. 1.) Greene is a state prisoner serving a life sentence for murder. In his

1

complaint, he alleges claims of prosecutorial misconduct and ineffective assistance of counsel. (Id., generally, ECF No. 1.)

The magistrate judge issued a Report and Recommendation recommending dismissing this action because Greene has failed to prosecute his case, the Attorney Defendants are not state actors under § 1983, the prosecutors in his case are entitled to prosecutorial immunity, and the requested remedy of release from prison is not available in a § 1983 action. (R&R, generally, ECF No. 14.) After receiving no objections, the court adopted the Report and Recommendation on October 7, 2019. (Order, ECF No. 20.) On November 6, 2019,[1] Greene filed the instant motion requesting that his complaint not be dismissed and he be released from prison. (Mot. Alter or Amend, ECF No. 23.) The court construes the motion as a motion to alter or amend pursuant to Rule 59(e). Further, Greene filed a motion requesting appointment of counsel, discovery, and additional time to prepare his case. (Mot. Extension, ECF No. 24.)

A motion to alter or amend the judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citations omitted). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted).

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988).

Upon review, Greene's motion fails to identify any intervening change in controlling law, new evidence, or clear error of law. Further, Greene is attempting to generally reallege his arguments raised in his complaint. In addition, Greene's requests for additional time to investigate and conduct discovery on his ineffective assistance of counsel claims and prosecutorial misconduct are denied.

Attorneys are not state actors under § 1983, and thus, Greene's claim fails to state a claim for relief. Polk Cty. v. Dodson, 454 U.S. 312, 317-24 & n. 8-9 (1981) (finding that a public defender did not act under color of state law); Hall v. Quillen, 631 F.2d 1154, 1155–56 & n. 2-3 (4th Cir. 1980) (finding that court-appointed attorney does not act under color of state law); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (finding that private attorney does not act under color of state law). Further, prosecutors are entitled to absolute immunity. Dababnah v. Keller-Burnside, 208 F.3d 467, 470 (4th Cir. 2000) ("A prosecutor enjoys absolute immunity for prosecutorial functions intimately associated with the judicial phase of the criminal process.") (internal quotation marks and citation omitted).

Through this action, Greene is attempting to challenge his conviction and sentence. However, Greene has previously filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and the court granted the respondent's motion for summary judgment. See Greene v. Warden, C/A No. 3:09-258-HMH-JRM (D.S.C. Jan. 4, 2010).

"[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)). "The court of appeals must examine the application to determine whether it contains any claim that satisfies § 2244(b)(2)

3

. . . ." Id. In the absence of pre-filing authorization from the court of appeals, the district court is without jurisdiction to consider a second or successive application. Id. (citation omitted). It does not appear that Greene has obtained authorization from the appropriate United States Court of Appeals to proceed with a second or successive § 2254 petition. Based on the foregoing, Greene's motions are denied.

It is therefore

**ORDERED** that Greene's motion to alter or amend the judgment, docket number 23, is denied. It is further

**ORDERED** that Greene's motion to appoint counsel, motion for discovery, and motion for extension of time, docket number 24, is denied.

**IT IS SO ORDERED.**

                                          s/Henry M. Herlong, Jr.
                                          Senior United States District Judge

Greenville, South Carolina
November 18, 2019

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.